## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ebonnie Leavern Simmons-Hall <br>     Debtor | CHAPTER 13 |
| BankUnited N.A. <br>     Secured Creditor <br> vs. | NO. 18-03287 HWV |
| Ebonnie Leavern Simmons-Hall <br>     Debtor | |
| Jack N. Zaharopoulos, Esquire <br>     Trustee | 11 U.S.C. Section 362 |

### AMENDED STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. This Stipulation hereby amends the Stipulation previously approved on January 14, 2021 to correct the post-petition payment amount beginning September 2020 and correct the amount of post-petition arrears.

2. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$6,746.52** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2020 through August 2020 at $746.05/month |
| | September 2020 through January 2021 at $739.04/month |
| Suspense Balance: | $678.93 |
| **Total Post-Petition Arrears** | **$6,746.52** |

3. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$6,746.52.** ( amended plan already filed 1/11/21)

    b). Secured Creditor shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$6,746.52** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

4. Beginning with the payment due February 1, 2021 and continuing thereafter, Debtor shall pay to Secured Creditor the present regular monthly mortgage payment of $739.04 (or

as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

     5.     Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Secured Creditor shall adjust the account accordingly.

     6.     In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, Secured Creditor shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting Secured Creditor immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

     7.     If the case is converted to Chapter 7, Secured Creditor shall file a Certification of Default with the Court and the Court shall enter an order granting Secured Creditor relief from the automatic stay.

     8.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

     9.     The provisions of this stipulation do not constitute a waiver by Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

     10.     The parties agree that a facsimile signature shall be considered an original signature.

Date: May 3, 2021

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
Attorney for Secured Creditor

Date: 5/4/21

*Kara Gendron* (signature)
Kara Katherine Gendron, Esquire
Attorney for Debtor

Date: 5/4/21

(signature) for Jack N. Zaharopoulos, Esquire
Chapter 13 Trustee